UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES BROOKS,

                              Plaintiff,

          v.                                              9:15-CV-0090
                                                          (BKS/TWD)

MICHAEL HOGAN, et al.,

                              Defendants.
_____

APPEARANCES:                                OF COUNSEL:

CHARLES BROOKS
Plaintiff, pro se
CNY PC
P.O. Box 300
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN              TIMOTHY P. MULVEY, ESQ.
New York State Attorney General        Ass't Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

Plaintiff Charles Brooks commenced this action by submitting a pro se civil rights

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to

proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). In the

complaint, plaintiff alleged that his constitutional rights were violated while he was

involuntarily civilly confined at the Central New York Psychiatric Center ("CNYPC") pursuant

to Article 10 of the New York State Mental Hygiene Law ("MHL"). *See generally* Compl. By

Decision and Order filed June 10, 2015, plaintiff's IFP Application was granted and the

sufficiency of the complaint was considered in accordance with 28 U.S.C. § 1915(e)(2)(B).

Dkt. No. 9 (the "June 2015 Order"). On the basis of that review, the Court dismissed a

number of plaintiff's claims and defendants and directed defendants Hogan, Miraglia, Bosco,

and Nowicki to respond to the First Amendment denial of access to the courts claims. *See*

*generally* June 2015 Order.

Plaintiff thereafter submitted an amended complaint and a second amended

complaint. Dkt. Nos. 24, 33. Because the second amended complaint was deemed to

supercede and replace the amended complaint, the Court reviewed the second amended

complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] After conducting that

review, the Court construed the second amended complaint to allege the following claims:

(1) Fourteenth Amendment due process claims against defendants Miraglia, Sawyer, Bosco,

and Nowicki in conjunction with plaintiff's involuntary civil commitment under MHL Article 10

to the custody of the New York State Department of Mental Health ("OMH") as a sex

offender requiring civil management; (2) Fourteenth Amendment claims that defendants

Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula,

Dawes, Grey, Velte, and Tedesco (hereinafter collectively referred to as "the treatment team

defendants") denied plaintiff due process and equal protection and subjected him to unsafe

conditions of confinement when they placed him in the Modification on Deck ("MOD") Unit in

---

[1] An amended complaint "ordinarily supersedes the [earlier complaint] and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).

2008;[2] (3) Fourteenth Amendment claims that the treatment team defendants, together with defendants Bosco and Nowicki, denied plaintiff adequate mental health care; (4) claims that defendants Creahan, Hungerford, Rella, Clark, Fortino, Schlanger, and Dorr failed to provide plaintiff with adequate legal assistance, and that the failure was part of a conspiracy with the state; and (5) First Amendment denial of access to the courts claims against defendants Hogan, Miraglia, Bosco, and Nowicki. Dkt. No. 34 (the "February 2016 Order") at 6. The claims for monetary damages against defendants Hogan, Miraglia, Bosco, Nowicki, Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco in their official capacities, and (2) all claims against defendants Creahan, Hungerford, Rella, Clark, Fortino, Schlanger, and Dorr were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. *Id*. at 18-19. The Court found that the following claims survived sua sponte review and required a response: (1) the Fourteenth Amendment claims that defendants Bosco, Nowicki, and the treatment team defendants denied plaintiff adequate mental health care; and (2) the First Amendment denial of access to the courts claims against defendants Hogan, Miraglia, Bosco, and Nowicki. February 2016 Order at 18. The remaining claims were dismissed without prejudice, including the Fourteenth Amendment conditions of confinement and equal protection claims against the treatment team defendants. February 2016 Order at 10-13, 19.[3]

---

[2]  Plaintiff alleged that the MOD Unit is a separate unit at CNYPC for residents who have displayed violent tendencies. Sec. Am. Compl. at 27.

[3]  The Fourteenth Amendment due process claims against defendants Miraglia, Sawyer, Bosco, and Nowicki in conjunction with plaintiff's involuntary civil commitment to the custody of the Office of Mental Health as a sex offender requiring civil management were also dismissed without prejudice. *Id*. at 8, 19.

Presently before the Court is plaintiff's motion seeking reconsideration of that portion of the February 2016 Order which dismissed the Fourteenth Amendment conditions of confinement and equal protection claims against the treatment team defendants. Dkt. No. 62. Defendants have not responded to the motion.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[4] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.[5] Therefore, the

---

[4] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*.

[5] Plaintiff points to decisions in other Northern District of New York civil actions in support of his motion for reconsideration and claims that those decisions "had not been available" when he filed his second amended complaint. Dkt. No. 62 at 1 (citing *Groves v. Davis*, No. 9:11-CV-1317 (GTS/RFT) at Dkt. No. 72 and *Suggs, et al. v. Maxmillian*, No. 9:13-CV-0369 (NAM/TWD) at Dkt. No. 58. When arguing for reconsideration based on new evidence, the moving party "'must demonstrate that the newly discovered evidence was neither in his possession *nor available upon the exercise of reasonable diligence* at the time the interlocutory decision was rendered.'" *U.S. v. Morrison*, No. 04-CR-699, 2007 WL 4326796, at *2 (E.D.N.Y. Dec. 7, 2007) (quoting *LaSalle Bank Nat'l Assoc. v. Capco Am. Securitization Corp.,* No. 02 CV 9916, 2006 WL 177169, at *2 (S.D.N.Y. Jan. 25,

4

only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice.

First, plaintiff contends that his Fourteenth Amendment conditions of confinement claims against the treatment team defendants as set forth in his second amended complaint should have been allowed to proceed. Dkt. No. 62 at 6-12. Plaintiff's motion for reconsideration elaborates upon his claim that his conditions of confinement, although disguised as treatment, are actually punitive in nature, and therefore violate his substantive due process rights. *Id.* Plaintiff points to several allegations in his second amended complaint to demonstrate that his conditions of confinement claims were intended to go beyond what the Court originally construed as a claim that the treatment team defendants failed to provide plaintiff with a safe environment in the MOD Unit. *Id.* Construing the second amended complaint in this light, and mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see*, e.g., *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), in the interest of justice, the Court will grant reconsideration in this regard. Accordingly, plaintiff's Fourteenth Amendment conditions of confinement claims against the treatment team defendants as set forth in the second amended complaint will be reinstated, and the treatment team defendants will be directed to respond to those claims. In so ruling, the Court expresses no opinion as to whether plaintiff's Fourteenth Amendment conditions of confinement claims against the treatment team defendants can withstand a properly filed dispositive motion.

---

2006)). The referenced decisions were issued on August 11, 2014, and September 14, 2015, respectively, and were therefore publically available before plaintiff submitted his second amended complaint on November 18, 2015. Nonetheless, in light of plaintiff's pro se status, and because he claims that he has no access to a law library or any legal resources at CNYPC, *see* Dkt. No. 62 at 1, the Court will consider the decisions in determining if reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice.

Second, plaintiff argues that the Court erred in the February 2016 Order when it dismissed the Fourteenth Amendment equal protection claims against the treatment team defendants. Dkt. No. 62 at 13-14. Although not entirely clear, plaintiff appears to argue that he is similarly situated to other civilly detained sex offenders at CNYPC who filed civil actions in the Northern District of New York but that he was treated differently than them. *Id*. (citing *Groves v. Davis* ("*Groves*"), No. 9:11-CV-1317 (GTS/RFT) (N.D.N.Y. filed Nov. 7, 2011) and *Suggs, et al. v. Maxymillian* ("*Suggs*"), No. 9:13-CV-0369 (NAM/TWD) (N.D.N.Y. filed Apr. 1, 2013)). Plaintiff appears to argue that as a result of his placement in the MOD unit at CNYPC, he was subjected to inadequate conditions of confinement and was not provided with individualized meaningful treatment for his mental health diagnosis. Dkt. No. 62 at 13-14. However, plaintiff has not alleged facts to plausibly demonstrate that he was treated differently than other persons civilly detained at CNYPC pursuant to MHL Article 10, including the plaintiffs in *Groves* and *Suggs*. To the contrary, the plaintiffs in *Groves* and *Suggs* alleged conditions claims very similar to plaintiff. *See Groves*, Dkt. No. 72 (alleging that defendants subjected Groves to excessive force and/or failed to protect him from known danger while civilly detained at CNYPC pursuant to MHL Article 10) and *Suggs*, Dkt. No. 58 (plaintiffs alleged that they were subjected to inadequate conditions of confinement, not provided with individualized meaningful treatment for their mental health diagnosis, and denied access to the courts while civilly detained at CNYPC pursuant to MHL Article 10). Plaintiff has provided no basis for the Court to reconsider the dismissal of his equal protection claims against the treatment team defendants, and therefore the motion for reconsideration is denied in that respect.

The Court has thoroughly reviewed the remainder of plaintiff's motion for reconsideration and finds that plaintiff presents no other basis for reconsideration of the February 2016 Order.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 62) is **GRANTED in part** to the limited extent that plaintiff's Fourteenth Amendment conditions of confinement claims against defendants Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco as set forth in the second amended complaint (Dkt. No. 33) are reinstated. The motion for reconsideration (Dkt. No. 62) is **DENIED** in all other respects; and it is further

**ORDERED** that defendants Sawyer, Maxymillian, Gonzalez, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, and Tedesco, or their counsel, are directed to submit, **within thirty (30) days** of the filing date of this Decision and Order, an amended response to plaintiff's second amended complaint (Dkt. No. 33) in order to address the Fourteenth Amendment conditions of confinement claims asserted against them;[6] and it is further

**ORDERED** that a formal response to plaintiff's amended complaint be filed by defendants Bahl and Velte, or their counsel, as provided for in Rule 12 of the Federal Rules of Civil Procedure;[7] and it is further

---

[6] These defendants have already submitted an answer to plaintiff's Fourteenth Amendment claims that they denied plaintiff adequate mental health care. *See* Dkt. Nos. 52, 55.

[7] Defendants Bahl and Velte have not yet been served. *See* Dkt. Nos. 64, 65. United States Magistrate Judge Thérèse Wiley Dancks directed defense counsel to submit a status report to the Court to provide the last known addresses for these defendants. Dkt. Nos. 67, 68. Although the time to provide the status report has expired, no such report was submitted by defense counsel.

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  August 19, 2016
      Syracuse, NY

Brenda K. Sannes
U.S. District Judge