UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES BROOKS,

                            Plaintiff,

        v.                                                     9:15-CV-0090
                                                                  (BKS/TWD)

MICHAEL HOGAN, et al.,

                            Defendants.

---

APPEARANCES:                                    OF COUNSEL:

CHARLES BROOKS
Plaintiff, pro se
CNY PC
P.O. Box 300
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN           TIMOTHY P. MULVEY, ESQ.
New York State Attorney General            Ass't Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

    Plaintiff Charles Brooks commenced this civil rights action pro se pursuant to 42 U.S.C. § 1983 ("Section 1983").[1] The operative pleading is the second amended complaint.

---

[1] In response to plaintiff's third motion for appointment of counsel, by Decision and Order filed on November 1, 2016, United States Magistrate Judge Thérèse Wiley Dancks found that appointment of pro bono counsel is warranted in this action. Dkt. No. 79. In so ruling, however, the Magistrate Judge Dancks reminded plaintiff "that 28 U.S.C. § 1915(e) authorizes the Court to 'request an attorney to represent any person unable to afford counsel.' 28 U.S.C. 1915(e)(1); *Mallard v. United States District Court*, 490 U.S. 296, 298 (1989) (28 U.S.C. § 1915(e) does not authorize a federal court to require an unwilling attorney to represent an indigent in a civil case). Actual appointment of counsel is contingent upon the availability of pro bono counsel to accept

Dkt. No. 33 ("Sec. Am. Compl."). Plaintiff is involuntarily civilly confined at the Central New York Psychiatric Center ("CNYPC") pursuant to Article 10 of the New York State Mental Hygiene Law ("MHL"). *See generally* Sec. Am. Compl.

After reviewing the second amended complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court construed it to allege the following claims: (1) Fourteenth Amendment due process claims against defendants Miraglia, Sawyer, Bosco, and Nowicki in conjunction with plaintiff's involuntary civil commitment under MHL Article 10 to the custody of the New York State Department of Mental Health ("OMH") as a sex offender requiring civil management; (2) Fourteenth Amendment claims that defendants Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco (hereinafter collectively referred to as "the treatment team defendants") denied plaintiff due process and equal protection and subjected him to unsafe conditions of confinement when they placed him in the Modification on Deck ("MOD") Unit in 2008;[2] (3) Fourteenth Amendment claims that the treatment team defendants, together with defendants Bosco and Nowicki, denied plaintiff adequate mental health care; (4) claims that defendants Creahan, Hungerford, Rella, Clark, Fortino, Schlanger, and Dorr failed to provide plaintiff with adequate legal assistance, and that the failure was part of a conspiracy with the state; and (5) First Amendment denial of access to the courts claims against defendants Hogan, Miraglia, Bosco, and Nowicki. Dkt. No. 34 (the "February 2016 Order") at 6. The claims for monetary damages against defendants Hogan, Miraglia, Bosco, Nowicki, Sawyer,

---

voluntarily an appointment.'" *Id*. at 2. A separate order will issue appointing counsel if an attorney volunteers to take this case on a pro bono basis. *Id.* n.2.

[2] Plaintiff alleged that the MOD Unit is a separate unit at CNYPC for residents who have displayed violent tendencies. Sec. Am. Compl. at 27.

Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco in their official capacities, and (2) all claims against defendants Creahan, Hungerford, Rella, Clark, Fortino, Schlanger, and Dorr were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. *Id*. at 18-19. The Court found that the following claims survived sua sponte review and required a response: (1) the Fourteenth Amendment due process claims against defendants Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco regarding plaintiff's placement in the MOD Unit in 2008; (2) the Fourteenth Amendment claims that defendants Bosco, Nowicki, and the treatment team defendants denied plaintiff adequate mental health care; and (3) the First Amendment denial of access to the courts claims against defendants Hogan, Miraglia, Bosco, and Nowicki. February 2016 Order at 18. The remaining claims were dismissed without prejudice, including the Fourteenth Amendment conditions of confinement and equal protection claims against the treatment team defendants. February 2016 Order at 10-13, 19.[3]

Plaintiff sought reconsideration of that portion of the February 2016 Order which dismissed the Fourteenth Amendment conditions of confinement and equal protection claims against the treatment team defendants. Dkt. No. 62. By Decision and Order filed on August 19, 2016, plaintiff's motion for reconsideration was granted in part to the limited extent that plaintiff's Fourteenth Amendment conditions of confinement claims against defendants

---

[3] The Fourteenth Amendment due process claims against defendants Miraglia, Sawyer, Bosco, and Nowicki in conjunction with plaintiff's involuntary civil commitment to the custody of the Office of Mental Health as a sex offender requiring civil management were also dismissed without prejudice. *Id*. at 8, 19.

3

Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco (as set forth in the second amended complaint) were reinstated and these defendants were directed to respond to the conditions of confinement claims. Dkt. No. 71 (the "August 2016 Order").[4] The motion for reconsideration was denied in all other respects. *Id*. Presently before the Court is plaintiff's motion for reconsideration of the August 2016 Order. Dkt. No. 76.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[5] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Here, plaintiff renews his previous request that the Court reconsider the dismissal of his equal protection claim against the treatment team defendants. *See generally* Dkt. No. 76. Plaintiff claims that the August 2016 Order contained an "incidental error" because it "fail[ed]

---

[4] None of these defendants have filed the required response.

[5] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*.

4

to acknowledge plaintiff's evidence utilized in support of his equal protection claim" which "was obviously new [and] not previously available." *Id*. at 1. The "evidence" that plaintiff refers to are civil rights actions filed in the Northern District of New York by other persons civilly confined at CNYPC pursuant to MHL Article 10. *See Groves v. Davis*, No. 9:11-CV-1317 (GTS/RFT) and *Suggs, et al. v. Maxymillian*, No. 9:13-CV-0369 (NAM/TWD). Contrary to plaintiff's belief, the Court did review those cases when considering whether plaintiff stated a plausible equal protection claim.[6] However, after a thorough review of those cases in conjunction with plaintiff's second amended complaint, and according plaintiff due deference in light of his pro se status, the court found that plaintiff had not alleged facts to plausibly suggest an equal protection claim.

> Moreover, as noted in the February 2016 Order:
>
> To state a viable claim for denial of equal protection, a plaintiff generally must allege "purposeful discrimination . . . directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995). In the alternative, under a "class of one" theory, a plaintiff must allege that he has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).

February 2016 Order at 10. Significantly, plaintiff makes no allegations that he was treated differently based on a suspect classification. *See Travis v. N.Y. State Div. of Parole*, No. 9:96-CV-0759 (TJM/GLS), Report-Recommendation, 1998 WL 34002605, at *4 (N.D.N.Y. Aug. 26, 1998) ("Sex offenders do not comprise a suspect or quasi-suspect class for Equal Protection purposes."), *adopted*, 9:96-CV-0759, slip op. (N.D.N.Y. filed Nov. 2, 1998).

---

[6] *See* August 2016 Order at 4-5 n.5 (stating that the Court considered the proffered decisions in determining whether "reconsideration [was] necessary to remedy a clear error of law or to prevent manifest injustice.").

5

Rather, construed liberally, plaintiff's equal protection claim appears to rest on a class of one theory. "'[C]lass-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves.'" *Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (quoting *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)). "'Accordingly, to succeed on a class-of-one claim, a plaintiff must establish that (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake.'" *Id*. Plaintiff compares himself to other sex offenders involuntarily civilly confined at CNYPC – namely, the plaintiffs in *Groves* and *Suggs*, as well as in *McChesney v. Hogan*, No. 9:08-CV-0163 (N.D.N.Y. filed Feb. 11, 2008) and *Yeldon v. Hogan*, No. 9:08-CV-0769 (N.D.N.Y. filed July 31, 2008). Dkt. No. 76 at 4, 6, 10. However, this broad comparison category does not plausibly suggest the level of specificity required by a class of one claim as it does not permit an inference that the members of this class are "so similar [to plaintiff] that no rational person could see them as different." *See Green v. McLaughlin*, 480 Fed. App'x 44, 47 (2d Cir. May 8, 2012) (affirming dismissal pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) of inmate's class of one claim for failure to compare himself to inmates sufficiently similar).[7] In fact, in

---

[7] In *Green*, the plaintiff (who had been taken off of medical hold and transferred to another facility) described the inmates to which he compared himself as "other inmates at Green Haven with medical holds" and "other inmates with acute medical problems." The Second Circuit concluded that "[n]either of these broad categories is sufficient to demonstrate the level of specificity required by class-of-one claims as they do not permit an inference that the members of these classes are so similar [to Green] that no rational person could see them as different. . . . Most importantly, Green ha[d] not identified any other similarly situated inmates with diabetes whose medical holds were not rescinded and who were allowed to remain at Green Haven." *Green*,

6

his current motion, plaintiff differentiates himself from *Suggs*.  Dkt. No. 76 at 7-8.

The Court has thoroughly reviewed plaintiff's motion for reconsideration and finds that plaintiff presents no basis for reconsideration of the August 2016 Order.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for reconsideration (Dkt. No. 76) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:  November 9, 2016
         Syracuse, NY

*[signature: Brenda K Sannes]*
Brenda K. Sannes
U.S. District Judge

---

2012 WL 1592621, at *3 (citing *Vill. of Willowbrook*, 528 U.S. at 564 (a plaintiff must allege that he "has been intentionally treated differently from others similarly situated" (internal citation and quotation marks omitted))).