UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES BROOKS,

                Plaintiff,

      v.                                                    9:15-CV-0090
                                                               (BKS/TWD)

MICHAEL HOGAN, et al.,

                Defendants.
_____

APPEARANCES:                               OF COUNSEL:

CHARLES BROOKS
C262223
Plaintiff, pro se
CNYPC
P.O. Box 300
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN          TIMOTHY P. MULVEY, ESQ.
New York State Attorney General             Ass't Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

**I.    BACKGROUND**

      Plaintiff Charles Brooks commenced this action pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his constitutional rights. Dkt. No. 1 ("Compl."). Plaintiff is involuntarily civilly confined at the Central New York Psychiatric Center ("CNYPC") in the Sex Offender Treatment Program ("SOTP") under the custody of the New

York State Office of Mental Health pursuant to Article 10 of the New York State Mental Hygiene Law. Compl. at 21. Plaintiff's second amended complaint is the operative pleading. Dkt. No. 33. The following claims set forth in the second amended complaint survived the Court's initial review: (1) the Fourteenth Amendment due process claims against defendants Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco regarding plaintiff's placement in the MOD Unit in 2008; (2) the Fourteenth Amendment claims that defendants Bosco, Nowicki, Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco denied plaintiff adequate mental health care; (3) the First Amendment denial of access to the courts claims against defendants Hogan, Miraglia, Bosco, and Nowicki; and (4) the Fourteenth Amendment conditions of confinement claims against defendants Sawyer, Maxymillian, Gonzalez, Bahl, Forshe, Solavieva, Golovko, Debroize, Bill, Cebula, Dawes, Grey, Velte, and Tedesco. *See* Dkt. Nos. 34, 71.

Presently before the Court is plaintiff's motion requesting permanent injunctive relief in the form of his "immediate release" from civil confinement. Dkt. No. 88 at 1. Plaintiff argues that he is entitled to immediate release because of (1) the "unavailability of treatment, or individualized meaningful treatment at SOTP" and (2) the "unavailability of [a] psychiatrist and/or psychologist possessing experience in the field of Exhibitionism."[1] Dkt. No. 88-1 at 1. In the alternative, plaintiff requests a hearing on his motion for a permanent injunction. Dkt. No. 88 at 1.

---

[1] Plaintiff indicates that his "assigned diagnosis [is] exhibitionism." Dkt. No. 88-1 at 3.

2

Plaintiff's motion for permanent injunctive relief is unopposed.[2] Plaintiff filed a supplemental submission in support of his request for permanent injunctive relief. Dkt. No. 102.[3]

## II. DISCUSSION

"To obtain a permanent injunction, a plaintiff must succeed on the merits and 'show the absence of an adequate remedy at law and irreparable harm if the relief is not granted.'" *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006) (quoting *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1362 (2d Cir. 1989)) (other citation omitted). *See also N.Y. Civil Liberties Union v. N.Y. City Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012) (noting that to obtain a permanent injunction, "the moving party must demonstrate actual success on the merits") (citation and internal quotation marks omitted).

Plaintiff commenced this action pursuant to Section 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

Here, plaintiff seeks an order of this Court directing his immediate release from civil commitment. Dkt. No. 88-1 at 1. However, plaintiff was previously advised that he may seek

---

[2] Defendants had filed a response in opposition to the motion, however the response was late. At the request of plaintiff's former pro bono appointed counsel, *see* Dkt. No. 99, defendants' response to plaintiff's motion for permanent injunctive relief was stricken from the docket and as a result, the Court will not consider the response in determining plaintiff's motion. *See* Dkt. No. 100. Plaintiff's appointed pro bono counsel has been relieved from representing plaintiff, *see* Dkt. No. 108, and therefore plaintiff is presently proceeding pro se.

[3] The supplemental submission also contained plaintiff's motion to relieve his pro bono appointed counsel. *Id.* That motion was granted by United States Magistrate Judge Thérèse Wiley Dancks. Dkt. No. 108.

release only in a petition for a writ of habeas corpus; he may not seek such relief in a Section 1983 suit. *See* Dkt. No. 9 at 21 (citing *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (noting that federal habeas corpus review is used to challenge the legality of a state court order of civil commitment); *Buthy v. Comm'r of Office of Mental Health of N.Y.S.*, 818 F.2d 1046, 1051 (2d Cir. 1987) (petitioning for a writ of habeas corpus, after fully exhausting state court remedies, is the appropriate method for an individual to challenge the fact or duration of his involuntary civil commitment in a forensic unit of a psychiatric hospital) (citing, *inter alia, Souder v. McGuire*, 516 F.2d 820, 823 (3d Cir. 1975) ("There is no question about the appropriateness of habeas corpus as a method of challenging involuntary commitment to a mental institution."); *O'Beirne v. Overholser*, 287 F.2d 133, 136 (D.C. Cir. 1960) ("Habeas corpus is the traditional means of seeking release from illegal confinement. It is the normal means in this jurisdiction of testing the legality of detention in a mental hospital, whether based on civil or criminal proceedings."))). Thus, plaintiff has an adequate remedy at law - in the form of a habeas petition - to seek his release.[4] Accordingly, plaintiff's request for immediate release from civil confinement could be denied on this basis alone. *See Roach*, 440 F.3d at 56 (finding that to obtain permanent injunctive relief, a plaintiff must demonstrate the "absence of an adequate remedy at law").

---

[4] Plaintiff previously filed an application for writ of habeas corpus seeking his release from civil confinement in the Northern District of New York, which was unsuccessful. *See Brooks v. Sawyer*, No. 9:11-CV-0248 (NAM). Plaintiff's lack of success does not mean that there was no adequate remedy at law. *See, e.g., Edwards v. City of Concord*, 827 F. Supp. 2d 517, 524 (M.D.N.C. 2011) ("A 'remedy' is '[t]he means of enforcing a right or preventing or redressing a wrong; legal or equitable relief.' *Black's Law Dictionary* 1407 (9th ed. 2009). A 'remedy' is not synonymous with an actual recovery. Rather, it is the 'possibility of relief under the circumstances.'"); *Weaver v. Combs*, No. 4:07-CV-0107, 2008 WL 4371342, at *2 (S.D. Ind. Sept. 18, 2008) ("Whether a [state court] remedy was actually sought, and if sought whether it was successful, would not establish that [the state court] remedy is inadequate.").

4

Construed liberally, plaintiff also argues that since the Court allowed some of his claims to survive the initial screening stage under 28 U.S.C. § 1915(e)(2)(B), he has therefore demonstrated success on the merits of those claims. Dkt. No. 88-1 at 2-4.[5] While it is true that the Court allowed some of plaintiff's claims to proceed to service and discovery, the Court clearly advised plaintiff that it "expresse[d] no opinion as to whether the[ ] claims can withstand a properly filed motion to dismiss or for summary judgment." Dkt. No. 34 at 16-17. Therefore, plaintiff has not demonstrated success on the merits of his claims merely because they survived initial review.

Finally, in his supplemental submission, plaintiff asserts that he is automatically entitled to the requested relief because his motion for permanent injunctive relief is unopposed. Dkt. No. 102 at 2-3. In support of this assertion, plaintiff points to Rule 7.1(b)(3) of the Local Rules of Practice for the Northern District of New York ("N.D.N.Y.L.R."), which states:

> Where a properly filed motion is unopposed ***and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein***, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y.L.R. 7.1(b)(3) (emphasis added). Here, however, the Court has already determined that plaintiff has not meet his "burden to demonstrate entitlement to the relief requested." Plaintiff may not seek release from civil confinement in the context of a Section 1983 action. *See* Dkt. No. 9 at 21 (citing cases). Plaintiff has also not met the requirements for obtaining

---

[5] For example, plaintiff asserts that this Court "rightfully and willingly acknowledge[d] [plaintiff's] unjust placement on [the] MOD Unit [in] the year 2008 through the year 2010, in violation of [his] Constitutional right to due process 14th Amendment." *Id*. at 2.

permanent injunctive relief. *See Roach*, 440 F.3d at 56; *N.Y. Civil Liberties Union*, 684 F.3d at 294. Therefore, despite the lack of opposition to plaintiff's motion for permanent injunctive relief, plaintiff is not entitled to the relief requested.

For all of the foregoing reasons, plaintiff's motion for permanent injunctive relief is denied in its entirety. Because plaintiff has not met the requirements to obtain permanent injunctive relief, his alternative request for a hearing on the motion is denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 88) for permanent injunctive relief, and his alternative request for a hearing on the motion, are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: May 11, 2017
   Syracuse, NY

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge