**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**CHARLES BROOKS,**

**Plaintiff,**

**v.**                                                              **9:15-cv-0090 (BKS/TWD)**

**MICHAEL HOGAN,** *et al.*,

**Defendants.**

_____

**APPEARANCES:**

Charles Brooks
C262223
CNYPC
P.O. Box 300
Marcy, NY 13403
*Plaintiff Pro se*

Timothy P. Mulvey, Esq.
Assistant Attorney General
ERIC T. SCHNEIDERMAN
New York State Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204
*For Defendants*

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.       INTRODUCTION

Plaintiff pro se Charles Brooks appeals the December 5, 2016 Text Order (Dkt. No. 85)

of United States Magistrate Judge Thérèse Wiley Dancks accepting Defendants' untimely

supplemental answer to the amended complaint (Dkt. Nos. 86 and 87). Defendants have not

responded to Plaintiff's appeal. For the following reasons, the Text Order is affirmed.

## II.    DISCUSSION

On August 22, 2016, Defendants were given a deadline of September 19, 2016 to file an

amended answer to Plaintiff's second amended complaint to address the Fourteenth Amendment

conditions of confinement claims asserted against them.  Text entry of August 22, 2016; *see* Dkt.

No. 71.   Defendants filed their supplemental answer on November 29, 2016, without seeking or

obtaining an extension of the deadline set by the Court.  (Dkt. No. 83).  On December 5, 2016,

Magistrate Judge Dancks issued a Text Order accepting the Defendants' supplemental answer

even though it "was filed over two months late."  The Text Order stated that "Defendants shall

follow Court ordered deadlines or seek an extension on good cause before any deadline expires

in the future," and that the "[f]ailure to do so may result in the Court striking any overdue filing."

(Dkt. No. 85). On December 14, 2016, Plaintiff filed an appeal from that Text Order.  (Dkt. No.

86).  Plaintiff filed a letter in further support of his appeal on January 10, 2017.  (Dkt. No. 87).

Plaintiff argues that Magistrate Judge Dancks should not have accepted the untimely filing

because Defendants failed to make the requisite showing of good cause.  (Dkt. Nos. 86, 87).

Plaintiff asks the Court to find the Defendants in default.  (*Id.*).

A magistrate judge may issue orders regarding non-dispositive pretrial matters; such

matters are committed to the discretion of the magistrate judge, and the district court reviews

such orders under the "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A);

Fed. R. Civ. P. 72(a); *see Kiobel v. Millson*, 592 F.3d 78, 88 (2d Cir. 2010) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).

Under Fed. R. Civ. P. 6(b)(1)(B), a court may, "for good cause, extend the time" for filing an answer "on motion made after the time has expired if the party failed to act because of excusable neglect." *See Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317, 319 (2d Cir. 1986). Magistrate Judge Dancks implicitly granted a Rule 6(b)(1)(B) motion in the December 5, 2016 Text Order accepting the untimely supplemental answer. *Id.*

The decision regarding whether to grant or deny an extension of time under Rule 6(b) falls within a court's broad discretion. 4B Fed. Prac. & Proc. Civ. § 1165 (4th ed. 2017); *see Sony Corp.*, 800 F.2d at 319; *Bolin v. Harvard Protection Servs., Inc.,* 277 Fed. App'x 102, 105 (2d Cir. 2008). The Court has reviewed Plaintiff's submissions and the record in this case and finds that the December 5, 2016 Text Order was neither clearly erroneous nor contrary to law. Magistrate Judge Dancks' decision to accept Defendants' supplemental answer was in no way an abuse of discretion. Accordingly, it is

**ORDERED** that the December 5, 2016 Text Order (Dkt. No. 85) is **AFFIRMED** and Plaintiff's Appeal (Dkt. No. 86) is **DENIED.**

**IT IS SO ORDERED.**

**Dated:  July 13, 2017**

Brenda K. Sannes
U.S. District Judge

3