**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| CHARLES BROOKS, | LEAD CASE |
| Plaintiff, | 9:15-cv-00090 (BKS/TWD) |
| v. | |
| MICHAEL HOGAN, et al., | |
| Defendants. | |

---

| | |
|---|---|
| CHARLES BROOKS, | MEMBER CASE |
| Plaintiff, | 9:17-cv-00585 (BKS/TWD) |
| v. | |
| ANN MARIE T. SULLIVAN, et al., | |
| Defendants. | |

---

**Appearances:**

*Plaintiff, pro se:*
Charles Brooks
Marcy, NY

*For Defendants:*
Letitia James
Attorney General for the State of New York
William E. Arnold, IV
300 South State Street
Suite 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiff Charles Brooks is involuntarily civilly confined at the Central New York Psychiatric Center ("CNYPC") in the Sex Offender Treatment Program ("SOTP") under the custody of the New York State Office of Mental Health ("OMH") pursuant to Article 10 of the New York State Mental Hygiene Law. (*See generally* Dkt. No. 158, Dkt. No. 199-1, ¶ 1).[1] On January 26, 2015, Plaintiff commenced this civil rights action under 42 U.S.C. § 1983 asserting claims arising out of the conditions of his confinement, (9:15-cv-00090, Dkt. No. 1 ("Brooks I")), and on May 25, 2017, commenced a second action asserting claims arising out of the conditions of his confinement, (9:17-cv-00585, Dkt. No. 1 ("Brooks II")). On February 26, 2018, the Court consolidated the actions. (Dkt. No. 158; *see also* Dkt. No. 159 (consolidated complaint)). On March 15, 2019, Defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56. (Dkt. No. 196). Plaintiff did not respond to the motion for summary judgment, despite Defendants' service of the Notification of the Consequences of Failing to Respond to a Summary Judgment Motion and several extensions of time. (Dkt. Nos. 196-45, 202, 205, 209). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on April 20, 2020, issued an Order and Report-Recommendation recommending that Defendants' motion for summary judgment be granted and Plaintiff's consolidated complaint be dismissed in its entirety with prejudice. (Dkt. No. 214).[2]

---

[1] Unless otherwise noted, docket references are to the Lead Case, No. 9:15-cv-00090.

[2] On April 27, 2020, Magistrate Judge Dancks directed the Clerk to file a redacted copy of the Report-Recommendation, redacting "the information in the decision related to Plaintiff's personal mental health treatment." (Dkt. No. 216). The redacted version of the Report-Recommendation is Docket Number 217.

In the Report-Recommendation, Magistrate Judge Dancks, after considering the record carefully and with deference to Plaintiff's pro se status, determined that Defendants were entitled to summary judgment dismissing the consolidated complaint because: (1) the three-year statute of limitations bars all claims arising before January 26, 2012 in Brooks I and before May 25, 2014 in Brooks II, (Dkt. No. 214, at 25–26); (2) Plaintiff's claim that his placement in the MOD Unit in 2008 was done without procedural due process, in violation of the Fourteenth Amendment is time barred, (*id.* at 26–27), but also fails on the merits, (*id.* at 43–44); (3) Plaintiff's claim, in Brooks I, that he was subjected to punitive conditions of confinement, including his placement on MOD status, and in connection with specific incidents in April, May, October, November 2014, and January, March, and May 2015, in violation of his Fourteenth Amendment substantive due process rights lacks evidentiary support and the record shows that Defendants imposed the conditions at issue "for legitimate reasons based on professional judgment,"[3] (*id.* at 27–38); (4) Plaintiff's claim, in Brooks II, that the conditions Defendant Forshee imposed on Plaintiff's confinement, including, inter alia, loss of privileges and MOD status, "were for legitimate reasons based on professional judgment," and thus did not violate the Fourteenth Amendment, (*id.* at 38–43); (5) Plaintiff's claims of deliberate indifferent to his mental health treatment in violation of the Fourteenth Amendment fail because the record (a) shows that Plaintiff had "been offered mental health treatment" that had been formulated "based on professional judgment made by appropriate professionals," and (b) is "devoid of any evidence that the treatment program is such gross departure from accepted standards, that an inference can be drawn that professional judgment was not exercised," (*id.* at 44–51); (6) to the extent

---

[3] Magistrate Judge Dancks further concluded that Plaintiff's alleged punitive confinement in the MOD from 2008 through 2010, and alleged punishments on September 8, 2010, and January 8, 2012, were time-barred. (Dkt. No. 214, at 30).

Plaintiff's access to the courts claims are based on his Article 78 proceeding and state writ of habeas corpus actions, they are barred by the statute of limitations, but also, like his timely claims, fail on the merits as Plaintiff's allegations were "conclusory and speculative," Plaintiff fails to "demonstrate he suffered actual injury" or that the underlying proceedings were "meritless" and there is no evidence that any Defendant "deliberately and maliciously impeded his access to the courts," (*id.* at 51–58); (7) Plaintiff's claim that Defendants deprived him of adequate clothing, in violation of the Fourteenth Amendment, fails because the record shows that CNYPC's "clothing policy is for legitimate reasons based on professional judgment" and there is "no indication that Defendants departed substantially from accepted professional judgment, practice, or standards,"[4] (*id.* at 58–61); and (8) Plaintiff's claim that Defendants retaliated against him for filing grievances and complaints, in violation of the First Amendment, fails because there is (a) "ample record support that Plaintiff's alleged restrictive and punitive confinement resulted from Plaintiff's treatment and interfering behaviors," and (b) no evidence, "other than Plaintiff's conclusory and speculative allegations, suggesting the alleged adverse actions were motivated by a desire to retaliate against Plaintiff because of his grievances and complaints" or the filing of Brooks I, (*id.* at 61–65). Accordingly, Magistrate Judge Dancks recommended that Defendants' motion for summary judgment be granted in its entirety and the Consolidated Complaint dismissed with prejudice. (*Id.* at 67–68).

      Plaintiff has filed timely objections to the Report-Recommendation, which are presently before the Court. (Dkt. No. 220). For the reasons below, the Report-Recommendation is adopted in its entirety.

---

[4] Magistrate Judge Dancks further found that to the extent Plaintiff's claims concerning his clothing occurred before May 25, 2014, they are barred by the statute wf limitations. (Dkt. No. 214, at 59).

II.     **STANDARD**

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

III.    **DISCUSSION**

   A.      **Statute of Limitations**

Plaintiff objects to "summary judgment on statute of limitations grounds," asserting that the equitable tolling and continuing violations doctrines render his claims timely. (Dkt. No. 220, at 1–3). Plaintiff, however, failed to respond to the motion for summary judgment and is therefore raising these doctrines for the first time in his objections. *See Illis v. Artus*, No. 06–cv–3077, 2009 WL 2730870, at *1, 2009 U.S. Dist. LEXIS 77596, at *3, (E.D.N.Y. Aug. 27, 2009) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."). Even if the Court were to conclude that his claims arising before

January 26, 2012, in Brooks I, and before May 25, 2014, in Brooks II were timely under the equitable tolling or continuing violation doctrines, they fail on the merits, as discussed at length in the Report-Recommendation. (*See* Dkt. No. 214, at 27–44, 51–58).

### B.  Conditions of Confinement

Plaintiff objects to dismissal of his Fourteenth Amendment conditions of confinement claims, arguing that the "conditions of confinement" to which he was subjected were not treatment but "punitive [conditions] as-applied to him." (Dkt. No. 220, at 4). In support of his argument, Plaintiff cites the testimony of state psychologist Dr. Patricia Simon-Phelan at his March 28, 2019 annual review hearing, during which she purportedly testified: "that was a punishment; that wasn't a treatment" and "it was disciplinary for your behavior." (*Id.* at 27–29, 36). Plaintiff has not filed a transcript of this alleged testimony, nor did he present this evidence in response to Defendants' motion for summary judgment. On that ground alone, the Court need not consider it. *Illis*, 2009 WL 2730870, at *1, 2009 U.S. Dist. LEXIS 77596, at *3. Further, because Plaintiff provides no context for Dr. Simon-Phelan's testimony, there is no basis on which to ascertain whether it is relevant to the alleged "treatments" at issue in Plaintiff's conditions of confinement claims. Moreover, having reviewed this issue *de novo*, the Court agrees with Magistrate Judge Dancks' recommendation concerning Plaintiff's conditions of confinement claims.

### C.  Inadequate Mental Health Treatment

Plaintiff objects to Magistrate Judge Dancks' recommendation regarding his claims that Defendants were deliberately indifference to mental health treatment, in violation of the Fourteenth Amendment, asserting that Defendants have failed to provide appropriate and meaningful treatment for his "exhibitionism," though such treatment exists and "there are qualified professionals available . . . at CNYPC-SOTP willing to provide treatment addressing

exhibitionistic behavior." (Dkt. No. 220, at 23–24, 28, 31–32). Having reviewed this issue *de novo*, the Court agrees with Magistrate Judge Dancks' recommendation. The record demonstrates that Plaintiff has an Individual Service Plan ("ISP"), which provides objectives and goals specific to his needs, and that Plaintiff's treatment team enrolled him in programs addressing his "criminogenic needs (deviant sexual arousal and inappropriate sexual behaviors)." (Dkt. No. 199-3, ¶¶ 70, 72, 74). Even assuming, as Plaintiff asserts, that specific treatment for exhibitionism exists and that CNYPC has qualified professionals willing to provide that treatment, (Dkt. No. 220, at 23), and that there is therefore a factual question on this issue, (Dkt. Nos. 159 at 28, 48, 199-3 at ¶ 78 (Defendant Forshee indicating that specialized training in "exhibitionism" does not exist)), it is not material. The record in this case, as Magistrate Judge Dancks detailed in her analysis, (Dkt. No. 214, at 45–41), demonstrates that Defendants have offered Plaintiff extensive mental health treatment during his confinement designed by mental health professionals to address his specific needs. Indeed, there is no evidence that the treatment provided to Plaintiff "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982).

      **D.**      **Remaining Arguments**

Many of the arguments in Plaintiff's response to the Report-Recommendation concern the accuracy of the diagnoses he has received and whether they were sufficient to support his civil confinement. (Dkt. No. 220, at 14, 19–22, 33–34). These arguments fail to identify any alleged error in the Report-Recommendation; they are irrelevant to the pending actions. Accordingly, the Court has reviewed the remainder of Magistrate Judge Dancks' thorough Report-Recommendation for clear error and found none. The Court thus adopts the Report-Recommendation in its entirety for the reasons stated therein.

IV. **CONCLUSION**

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 214) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 196) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's consolidated complaint (Dkt. No. 159) is **DISMISSED in its entirety with prejudice**; and it is further

**ORDERED** that the Clerk of the Court is directed to close 9:15-cv-00090 and 9:17-cv-00585 and enter Judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 1, 2020
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge