UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES BROOKS,                                              LEAD CASE

                    Plaintiff,                          9:15-cv-00090 (BKS/TWD)

v.

MICHAEL HOGAN, et al.,

                    Defendants.

---

CHARLES BROOKS,                                              MEMBER CASE

                    Plaintiff,                          9:17-cv-00585 (BKS/TWD)

v.

ANN MARIE T. SULLIVAN, et al.,

                    Defendants.

---

**Appearances:**

*Plaintiff, pro se:*
Charles Brooks
Marcy, NY

*For Defendants:*
Letitia James
Attorney General for the State of New York
William E. Arnold, IV
300 South State Street
Suite 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff Charles Brooks is involuntarily civilly confined at the Central New York Psychiatric Center ("CNYPC") in the Sex Offender Treatment Program ("SOTP") under the custody of the New York State Office of Mental Health ("OMH") pursuant to Article 10 of the New York State Mental Hygiene Law. (*See generally* Dkt. No. 158, Dkt. No. 199-1, ¶ 1).[1] On January 26, 2015, Plaintiff commenced this civil rights action under 42 U.S.C. § 1983 asserting claims arising out of the conditions of his confinement. (9:15-cv-00090, Dkt. No. 1 ("Brooks I")). On May 25, 2017, he commenced a second action asserting claims arising out of the conditions of his confinement. (9:17-cv-00585, Dkt. No. 1 ("Brooks II")). On February 26, 2018, the Court consolidated the actions. (Dkt. No. 158; *see also* Dkt. No. 159 (consolidated complaint)). On March 15, 2019, Defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56. (Dkt. No. 196). Plaintiff did not respond to the motion for summary judgment, despite Defendants' service of the Notification of the Consequences of Failing to Respond to a Summary Judgment Motion and several extensions of time granted at Plaintiff's request. (Dkt. Nos. 196-45, 202, 205, 209). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on April 20, 2020, issued an Order and Report-Recommendation recommending that Defendants' motion for summary judgment be granted and Plaintiff's consolidated complaint be dismissed in its entirety with prejudice. (Dkt. No. 214).[2]

---

[1] Unless otherwise noted, docket references are to the Lead Case, No. 9:15-cv-00090.

[2] On April 27, 2020, Magistrate Judge Dancks directed the Clerk to file a redacted copy of the Report-Recommendation, redacting "the information in the decision related to Plaintiff's personal mental health treatment." (Dkt. No. 216). The redacted version of the Report-Recommendation is Docket Number 217.

In the Report-Recommendation, Magistrate Judge Dancks, after considering the record carefully and with deference to Plaintiff's pro se status, determined that Defendants were entitled to summary judgment dismissing the consolidated complaint for the reasons that follow. First, the three-year statute of limitations bars all claims arising before January 26, 2012 in Brooks I and before May 25, 2014 in Brooks II. (Dkt. No. 214, at 25–26). Second, Plaintiff's claim that his placement in the MOD Unit in 2008 was done without procedural due process, in violation of the Fourteenth Amendment, is time barred, (*id.* at 26–27), but also fails on the merits. (*Id.* at 43–44). Third, Plaintiff's claim in Brooks I that he was subjected to punitive conditions of confinement in violation of his Fourteenth Amendment substantive due process rights lacks evidentiary support, and the record shows that Defendants imposed the conditions at issue "for legitimate reasons based on professional judgment."[3] (*Id.* at 27–38). Fourth, Plaintiff's claim in Brooks II that the conditions Defendant Forshee imposed on Plaintiff's confinement, including, inter alia, loss of privileges and MOD status, "were for legitimate reasons based on professional judgment," and thus did not violate the Fourteenth Amendment. (*Id.* at 38–43). Fifth, Plaintiff's claims of deliberate indifference to his mental health treatment in violation of the Fourteenth Amendment fail because the record (a) shows that Plaintiff had "been offered mental health treatment" that was formulated "based on professional judgment made by appropriate professionals," and (b) is "devoid of any evidence that the treatment program is such gross departure from accepted standards, that an inference can be drawn that professional judgment was not exercised." (*Id.* at 44–51). Sixth, to the extent Plaintiff's access to the courts claims are based on his Article 78 proceeding and state writ of habeas corpus actions, they are barred by the

---

[3] Magistrate Judge Dancks further concluded that Plaintiff's alleged punitive confinement in the MOD from 2008 through 2010, and alleged punishments on September 8, 2010, and January 8, 2012, were time-barred. (Dkt. No. 214, at 30).

3

statute of limitations, but, like his timely claims, they also fail on the merits, as Plaintiff's allegations were "conclusory and speculative," Plaintiff fails to "demonstrate he suffered actual injury" or that the underlying proceedings were "meritless," and there is no evidence that any Defendant "deliberately and maliciously impeded his access to the courts." (*Id.* at 51–58). Seventh, Plaintiff's claim that Defendants deprived him of adequate clothing, in violation of the Fourteenth Amendment, fails because the record shows that CNYPC's "clothing policy is for legitimate reasons based on professional judgment" and there is "no indication that Defendants departed substantially from accepted professional judgment, practice, or standards."[4] (*Id.* at 58–61). Eighth, Plaintiff's claim that Defendants retaliated against him for filing grievances and complaints, in violation of the First Amendment, fails because there is (a) "ample record support that Plaintiff's alleged restrictive and punitive confinement resulted from Plaintiff's treatment and interfering behaviors," and (b) no evidence, "other than Plaintiff's conclusory and speculative allegations, suggesting the alleged adverse actions were motivated by a desire to retaliate against Plaintiff because of his grievances and complaints" or the filing of Brooks I. (*Id.* at 61–65). Accordingly, Magistrate Judge Dancks recommended that Defendants' motion for summary judgment be granted in its entirety and the consolidated complaint dismissed with prejudice. (*Id.* at 67–68).

Plaintiff filed timely objections to the Report-Recommendation. (Dkt. No. 220). After reviewing de novo those portions of the Report-Recommendation to which Plaintiff objected and considering the evidence Plaintiff cited in his objections, namely the testimony of Dr. Patricia Simon-Phelan, which Brooks claimed supported his claim that Defendants subjected him to

---

[4] Magistrate Judge Dancks further found that to the extent Plaintiff's claims concerning his clothing occurred before May 25, 2014, they are barred by the statute of limitations. (Dkt. No. 214, at 59).

punishment for his condition in violation of the Fourteenth Amendment, the Court entered an Order adopting the Report-Recommendation in its entirety and dismissing the consolidated complaint with prejudice. (Dkt. No. 221). Presently before the Court is Plaintiff's motion for reconsideration of that Order. (Dkt. No. 225).

## II.     LEGAL STANDARD

In general, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

## III.    DISCUSSION

Brooks filed a fifty-five page, single-spaced motion, (Dkt. No. 225), asserting that reconsideration is warranted based on "mistakes" in the Court's Order and "newly discovered evidence." (Dkt. No. 225, at 2). In support of his motion, Brooks submitted the April 2, 2019,

5

state court Decision and Order continuing Brooks' confinement, (Dkt. No. 225-1); the June 26, 2019 state court Decision and Order denying Brooks' motion to reargue, (Dkt. No. 225-2); an expert report regarding Brooks from 2009, (Dkt. No. 225-3); and a transcript of the March 28, 2019 annual review hearing, including Dr. Patricia Simon-Phelan's testimony, (Dkt. No. 225-4). Brooks explains that he had intended to submit these exhibits in support of his objections to the Report-Recommendation but encountered difficulty in obtaining copies due to the pandemic, and that "by the time plaintiff obtained said copies," the Court had issued its decision adopting the Report-Recommendation and dismissing these actions. (Dkt. No. 225, at 3). Brooks asserts this explanation constitutes "excusable neglect" for his late submission of exhibits. (Dkt. No. 225, at 4). Even accepting Plaintiff's explanation, for the reasons below, neither Brooks' arguments nor the new exhibits provide a basis for reconsideration.

### A. Inaccessible Legal Resources

Brooks asserts that because legal resources have been inaccessible, he only recently learned that that the "equitable tolling," "continuing violation," and "excusable neglect" doctrines might assist him in this case, where he faced dismissal of a number of issues on statute of limitations grounds and failed to meet Court-imposed deadlines. (Dkt. No. 225, at 4–6). These doctrines do not assist Brooks, however, because he does not articulate why they provide a basis for reconsidering dismissal of his time-barred claims. (Dkt. No. 225, at 5). Moreover, the Court notes that to substantiate his assertion regarding the inaccessibility of legal resources, Brooks quotes a 2017 letter by a state Assistant Attorney General indicating that in 2017, "Lexis Nexis became operational at the CNYPC-SOTP" and "provide[s] residents with the ability to conduct legal research." (Dkt. No. 225, at 7). This assertion does not appear to support his claim that the unavailability of legal resources hindered his ability to respond to Defendants' 2019 motion for

summary judgment, (Dkt. No. 196), or to object to the Report-Recommendation. (Dkt. No. 214, 220).

B.     **Civil Confinement and Underlying Convictions**

Much of Brooks' motion is devoted to challenging his underlying convictions, civil confinement, and the outcome of his March 28, 2019 annual review hearing, namely the continuation of his civil confinement. (*See, e.g.*, Dkt. No. 225, at 13–26, 29–33). This hearing and the state court decisions are outside the scope of the present actions. Thus, these exhibits do not provide a basis for reconsideration.

C.     **Dr. Simon-Phelan's Testimony**

In his objections to the Report-Recommendation and in support of his conditions of confinement claim, Brooks proffered an excerpt of Dr. Simon-Phelan's testimony from Plaintiff's March 28, 2019 annual review hearing. (Dkt. No. 220, at 4, 27–29, 36). At the hearing, Dr. Simon-Phelan testified that the revocation of privileges "was a punishment," not a treatment, and "was disciplinary for [Brooks'] behavior." (Dkt. No. 220, at 27–29, 36). In concluding that this testimony did not undermine Magistrate Judge Dancks' recommendation that the Court grant Defendants' summary judgment dismissing Brooks' conditions of confinement claim, the Court noted that Brooks had not submitted any evidence of this testimony. (Dkt. No. 221, at 6).

In support of his motion for reconsideration, Plaintiff submitted the entire transcript of the March 28, 2019 annual review hearing. (Dkt. No. 225-4). The annual review hearing was held for the purpose of determining whether Brooks "continues to suffer from a mental abnormality . . . and if so, whether he is a dangerous sex offender requiring confinement" under New York Mental Hygiene law § 10.03(e). (Dkt. No. 225-4, at 4). Dr. Simon-Phelan testified as the State's expert. (Dkt. No. 225-4, at 3). Dr. Simon-Phelan indeed testified, as Brooks

represented in his objections, that "loss of privileges" was not a treatment for exhibitionism but "was a punishment" and "disciplinary for [Brooks'] behavior." (Dkt. No. 225-4, at 85).

However, in the Report-Recommendation, Magistrate Judge Dancks discussed at length Brooks' contentions that the conditions of his confinement were "punitive and restrictive." (Dkt. No. 214, at 27–43). Magistrate Judge Dancks concluded the "record evidence demonstrates Plaintiff was placed on MOD status, suffered a loss of privileges, and/or was directed to complete a [Behavior Chain Analysis] as a result of his treatment interfering behavior and that the decision and the alleged *punitive* conditions at issue were made by professionals . . . based on their professional judgment." (*Id.* at 37–38) (emphasis added). *See Aiello v. Lamitie*, No. 9:16-cv-53, 2020 WL 918989, at *5, 2020 U.S. Dist. LEXIS 32590, at *15 (N.D.N.Y. Feb. 26, 2020) (explaining that civilly committed individuals "retain substantive due process rights" and that when such an individual's liberty is restrained, "liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982))).

Because Dr. Simon-Phelan is not a Defendant in this matter and there is no allegation that she had any involvement in revoking Brooks' privileges or placing him on restricted status, her testimony is not relevant to whether the Defendants who imposed the allegedly punitive conditions made the decisions based on their professional judgment. Indeed, Plaintiff does not argue that Dr. Simon-Phelan had any knowledge of the specific instances of punishment, restrictions, or loss of privileges at issue in this case. Thus, because Dr. Simon-Phelan's testimony does not provide a basis for inferring that the decisions regarding alleged punishments or privilege loss or placement on MOD status were not supported by adequate professional

judgment, even if the Court were to grant reconsideration, Defendants would still be entitled to summary judgment. *See, e.g.*, *Haden v. Hellinger*, No. 14-cv-0318, 2016 WL 8673144, at *12, 2016 U.S. Dist. LEXIS 137311, at *45 (N.D.N.Y. Sept. 30, 2016) (granting summary judgment where "no reasonable factfinder could conclude, based on all of the record evidence, that the decisions to place [the plaintiff] on restricted status were not supported by adequate professional judgment").

### D. Remaining Arguments

The Court has considered Brooks' remaining arguments and finds they fail to identify "an intervening change of controlling law" or a "need to correct a clear error of law or prevent manifest injustice." *Zhu*, 41 F. Supp. 3d at 342. Further, for the reasons outlined above, even if the Court were to grant reconsideration and consider Brooks' "new evidence," Defendants would still be entitled to summary judgment.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that the Motion for Reconsideration (Dkt. No. 225) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 22, 2021
      Syracuse, New York

Brenda K. Sannes
U.S. District Judge

9